UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLAD MALENKO (USA) LLC, a California Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DIANA SHVARTSMAN and MIRAGE FINE ART, A New Jersey Corporation,<br><br>Defendants. | No. 2:24-cv-00121 DAD AC<br><br>FINDINGS AND RECOMMENDATIONS |

The Clerk of Court entered default against both defendants in this case on March 1, 2024. Plaintiff has filed a motion for default judgment against both defendants. ECF No. 12. There are several problems with the motion that prevent it from being granted at this time. First, neither the motion itself nor the attached declarations indicate that the motion has been served on defendants. Second, the motion summarily seeks judgment in plaintiff's favor on the basis of the Clerk's entry of default, without providing any argument that the legal requirements for default judgment are satisfied. See ECF No. 12 at 1-2.

"A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default

judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court will consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

Generally, once default is entered by the Clerk, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

Because the motion does not brief the factors relevant to the propriety of default judgment, and because the motion has not been served on defendants, the undersigned recommends that it be denied without prejudice.  Any second motion for default judgment under Fed. R. Civ. Proc. 55(b)(2) should address the factors set forth in Eitel v. McCool, supra, including discussion of the elements of liability on each of plaintiff's claims and how the factual allegations of the complaint support all of them.  A second motion for default judgment should also contain a declaration stating that defendants were served with the motion.

For the reasons set forth above, IT IS RECOMMENDED that the motion for default judgment (ECF NO. 12) be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), as amended on denial of reh'g (Nov. 24, 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 8, 2024

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE